IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES ARNELL WILLIAMS, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | |
| MICHAEL ERIC STUDIVENT,[1] ) | 1:09CV414 |
| TOMMY STEVENS, DEBORAH ) | |
| LANKFORD, SAMUEL LANKFORD, ) | |
| and LANKFORD PROTECTIVE ) | |
| SERVICES, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a motion to dismiss (docket no. 13) by Defendants Lankford Protective Services ("LPS"), Deborah Lankford, and Samuel Lankford (collectively the "Lankford Defendants") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pro se Plaintiff James Arnell Williams has responded in opposition to the motion. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendants' motion to dismiss.

---

[1] Studivent is erroneously spelled "Sturdivent" in the court's docket report.

**BACKGROUND**

LPS is a family owned business in Greensboro, North Carolina, which provides security officers to area businesses. Mrs. Lankford is the Company's President, and Mr. Lankford is the Company's Vice-President. Plaintiff James Arnell Willams, Defendant Michael Studivent, and Defendant Tommy Stevens were all formerly employed as security officers for LPS.

In his pro se complaint, in which he purports to bring a claim under 42 U.S.C. § 1983, Plaintiff alleges that the Lankford Defendants violated his rights when Studivent and Stevens arrested him and allegedly assaulted him on July 10, 2006. On September 30, 2009, the Lankford Defendants moved to dismiss Plaintiff's 42 U.S.C. § 1983 action against them under Rule 12(b)(6). On October 16, 2009, Plaintiff filed a response in opposition to the Lankford Defendants' motion to dismiss.

**PLAINTIFF'S ALLEGATIONS**

For purposes of the pending motion, the allegations in Plaintiff's complaint are taken as true. Plaintiff alleges that at or around 11:30 p.m. on Friday, June 10, 2006,[2] Studivent and Stevens arrived at Kay Chemical in Greensboro, North Carolina, where Plaintiff was stationed as a security officer. (Compl. ¶ 1.) Plaintiff

---

[2] The moving Defendants have observed in a footnote in their brief that June 10, 2006, actually fell on a Saturday, and they further contend that if the underlying events occurred on Friday June 9, 2006, as Defendants' company records indicate, then "it is arguable that Plaintiff's complaint [filed on June 10, 2009, three years and one day after the event at issue] is time barred as it was filed outside of the three-year statute of limitations for a claim arising under 42 U.S.C. 1983." Because the moving Defendants do not appear to pursue this argument further in their brief, it will be deemed waived.

claims that Studivent and Stevens "instigated and became frivolous and malicious to escalate a situation [sic] with myself." (*Id.* ¶ 2.) Plaintiff also claims that Studivent and Stevens arrested Plaintiff for "personal gain and personal gratification" and "to show me they are the man (The Law) . . . to intimidate me with [sic]."[3] (*Id.*)

Plaintiff specifically alleges that Studivent and Stevens "had no authority" to arrest him, and he further alleges that they "became personally involved in arresting [him]." (*Id.* ¶¶ 3, 5.) Plaintiff alleges further that Studivent physically assaulted him by "ramming my back and the back of my neck into the rear door jam of the patrol vehicle" by "jamming and poking a finger into the front of [my] neck" and by putting handcuffs on Plaintiff too tightly. (*Id.* ¶¶ 5, 6, 7, 9.) Plaintiff asserts that he was subsequently booked and charged with: (1) one count of assault on a government official; (2) one count of resisting a public officer; and (3) one count of making a threatening phone call. (*Id.* ¶ 10.) Plaintiff alleges that at a hearing in Guilford County District Court on October 3, 2006, Plaintiff pleaded not guilty to the charges against him and the court found him "not guilty." (*Id.* ¶ 11.) On June 10, 2009, Plaintiff filed his complaint against the Lankford Defendants, as well as Studivent and Stevens, seeking "money damages" and requesting a jury trial.

---

[3] As noted, Plaintiff and Defendants Studivent and Stevens all worked for LPS as security guards. According to the moving Defendants, the arrest occurred because Plaintiff had called Studivent at Studivent's work site and threatened him over the phone. Stevens and Studivent subsequently went to Plaintiff's work site and arrested Plaintiff after he became belligerent. Of course, Plaintiff's version of events is taken as true for the purpose of the pending motion to dismiss.

**STANDARD OF REVIEW**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

The moving Defendants contend that to the extent that Plaintiff is attempting to bring a Section 1983 claim against the Lankford Defendants, this claim must be

dismissed.[4] I agree. To state a claim under Section 1983, a plaintiff must plead facts showing that the defendant deprived the plaintiff of a federal right and that the deprivation was performed under color of state law.[5] *See Green v. Maroules*, 211 F. App'x 159, 161 (4th Cir. 2006). Here, Plaintiff fails to allege any facts to show that the Lankford Defendants acted in any way to deprive Plaintiff of any federal right. All conduct about which Plaintiff complains–the arrest, the alleged assault, and the handcuffing–were committed by Studivent and Stevens. Indeed, as the moving Defendants note, the only allegation referencing LPS is the assertion that Studivent and Stevens worked for LPS. (Compl. ¶ 1.) The complaint contains no allegations whatsoever as to Mrs. or Mr. Lankford; therefore, the complaint contains no allegation that LPS or the Lankfords acted at all, let alone that they acted "under color of state law." Furthermore, to the extent that Plaintiff even states a Section 1983 claim against Defendants Studivent and Stevens, these acts cannot be

---

[4] As the moving Defendants note, Plaintiff's pro se complaint is unclear as to the basis for his claim. On the Civil Cover Sheet, Plaintiff indicates that he is seeking relief under 18 U.S.C. § 242, which is a criminal statute for the deprivation of rights under color of state law (docket no. 2). By contrast, Plaintiff's complaint cites 42 U.S.C. § 1983 as one of the bases for this court's jurisdiction over his claim. (Compl. ¶ I.)

[5] To this extent, Section 1983 does not itself confer any rights; it is merely a vehicle through which a plaintiff may sue to recover for violations of a federal right that can be found in the Constitution or other federal law. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). Therefore, the first task in assessing any Section 1983 action is to determine the precise constitutional right that has allegedly been infringed upon. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Here, Plaintiff contends in his response brief that Defendants have violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Pl.'s Resp. Br. at 3.) Because Plaintiff fails to allege that the moving Defendants acted under color of state law or even participated personally in Plaintiff's arrest, the court need not address each specific alleged constitutional violation.

5

imputed to the Lankford Defendants because a defendant cannot be held liable merely on a theory of respondeat superior under Section 1983.[6]  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978) (stating that respondeat superior does not apply in Section 1983 actions).  For all these reasons, I agree with the moving Defendants that, to the extent that Plaintiff attempts to bring a Section 1983 claim against the Lankford Defendants, that claim should be dismissed.

In his response to the motion to dismiss, Plaintiff improperly relies on various factual allegations that were not included in the complaint.  *See Bosiger v. US Airways*, 510 F.3d 442, 450 (4th Cir. 2007).  That is, Plaintiff argues that (1) Studivent and Stevens were "promoted" to their "supervisory" positions by the Lankfords, "who are both responsible for the daily operations, training, behavior and actions of LPS employees"; and the Lankfords did not make any attempt to correct the actions of Studivent or Stevens and had no policy to govern their behavior.  (*See* Pl.'s Br. at 9-10.)  Even if the court were to consider these extraneous allegations, Plaintiff's purported Section 1983 claim against the Lankford Defendants still fails.  That is, Plaintiff fails to allege that any of the Lankford Defendants instructed Studivent and Stevens to act in the way they allegedly acted towards Plaintiff, nor has Plaintiff

---

[6] The moving Defendants also contend that the complaint fails to state a Section 1983 action against Defendants Studivent and Stevens because the complaint contains no allegation that these two defendants, as private security guards, were acting "under color of state law" when they arrested Plaintiff.  This argument certainly appears to have merit, but the court cannot rule on it at this point since Studivent and Stevens have not joined in the pending motion to dismiss.  Furthermore, it is unclear whether Stevens has even been served.  (*See* docket no. 18.)

6

Case 1:09-cv-00414-TDS-LPA   Document 25   Filed 11/16/09   Page 6 of 7

alleged that any of the Lankford Defendants endorsed or ratified the conduct, or even knew that the conduct occurred. Therefore, liability under Section 1983 cannot be imputed to the Lankford Defendants, and the court should therefore dismiss Plaintiff's Section 1983 action as to them.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss (docket no. 13) be **GRANTED** and that the Lankford Defendants be dismissed.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
November 16, 2009