# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES ARNELL WILLIAMS, | ) |
| Plaintiff, pro se, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) **AND RECOMMENDATION** |
| | ) |
| MICHAEL ERIC STUDIVENT, | ) 1:09CV414 |
| TOMMY STEVENS, DEBORAH | ) |
| LANKFORD, SAMUEL LANKFORD, | ) |
| and LANKFORD PROTECTIVE | ) |
| SERVICES, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on a motion to dismiss (docket no. 34) by Defendant Tommy Stevens pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Pro se Plaintiff James Arnell Williams has responded in opposition to the motion. In this posture, the matter is ripe for disposition. The parties have not consented to the jurisdiction of the magistrate judge; therefore, the motion must be dealt with by way of recommendation. For the following reasons, it will be recommended that the motion to dismiss be granted.

**BACKGROUND**

Lankford Protective Services ("LPS") is a family owned business in Greensboro, North Carolina, which provides security officers to area businesses. Plaintiff James Arnell Williams, Defendant Michael Studivent, and Defendant Tommy Stevens were all formerly employed as security officers for LPS.

In his pro se complaint, in which he purports to bring a claim under 42 U.S.C. § 1983, Plaintiff alleges that he was wrongfully arrested by Defendants Studivent and Stevens on June 10, 2006, and that during the arrest Defendant Studivent used excessive force by physically assaulting Plaintiff. On December 21, 2009, Defendant Stevens moved to dismiss Plaintiff's 42 U.S.C. § 1983 action against him under Rule 12(b)(1) and (6). On December 31, 2009, Plaintiff filed a response in opposition to Defendant Stevens' motion to dismiss.[1]

**PLAINTIFF'S ALLEGATIONS**

For purposes of the pending motion, the allegations in Plaintiff's complaint are taken as true. Plaintiff alleges that at or around 11:30 p.m. on Friday, June 10, 2006, Studivent and Stevens arrived at Kay Chemical in Greensboro, North Carolina, where Plaintiff was stationed as a security officer. (Compl. ¶ 1.) Plaintiff claims that Studivent and Stevens "instigated and became frivolous and malicious to escalate a situation [sic] with myself." (*Id.* ¶ 2.) Plaintiff also claims that Studivent and Stevens arrested Plaintiff for "personal gain and personal gratification" and "to show me they are the man (The Law) . . . to intimidate me with [sic]."[2] (*Id.*)

---

[1] Defendants Samuel Lankford, Deborah Lankford, and LPS (hereinafter the "Lankford Defendants") were dismissed from this action by order of District Judge Thomas Schroeder on November 16, 2009 (docket no. 46).

[2] As noted, Plaintiff and Defendants Studivent and Stevens all worked for LPS as security guards. According to Defendant Stevens, the incident occurred because Plaintiff had called Studivent at Studivent's work site and threatened him over the phone. (Stevens Aff. ¶ 8.) Stevens and Studivent subsequently went to Plaintiff's work site. Stevens stated that he went to the work site in his role as Plaintiff's supervisor and his sole intent that night was to retrieve the firearm and ammunition magazines issued to Plaintiff by LPS and to

Plaintiff specifically alleges that Studivent and Stevens "had no authority" to arrest him, and he further alleges that they "became personally involved in arresting [him]." (*Id.* ¶¶ 3, 5.) Plaintiff alleges further that Studivent physically assaulted him by "ramming my back and the back of my neck into the rear door jam of the patrol vehicle" by "jamming and poking a finger into the front of [my] neck" and by putting handcuffs on Plaintiff too tightly. (*Id.* ¶¶ 5, 6, 7, 9.) Plaintiff asserts that he was subsequently booked and charged with: (1) one count of assault on a government official; (2) one count of resisting a public officer; and (3) one count of making a threatening phone call. (*Id.* ¶ 10.) Plaintiff alleges that at a hearing in Guilford County District Court on October 3, 2006, Plaintiff pleaded not guilty to the charges against him and the court found him "not guilty." (*Id.* ¶ 11.)

Plaintiff further alleges that neither Studivent nor Stevens told Plaintiff he was being suspended or arrested, nor did they provide a basis for his arrest. (*Id.* ¶ 4.) Plaintiff alleges that when he asked Defendant Stevens why he was being arrested, Stevens replied, "I am tired of yawl's s–t!" (*Id.* ¶ 5.)

On June 10, 2009, Plaintiff filed his complaint against the Lankford Defendants, Studivent and Stevens, seeking "money damages" and requesting a jury trial.

---

instruct Plaintiff to report to the Company offices the following Monday to address the incident. *(Id.* ¶ 10.) Studivent placed Plaintiff under arrest. (*Id.* ¶ 11.) Of course, Plaintiff's version of events is taken as true for the purpose of the pending motion to dismiss.

3

**STANDARD OF REVIEW**

<u>Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure</u>

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. A court must have subject matter jurisdiction over a controversy before it can render any decision on the merits. Challenges to jurisdiction pursuant to Rule 12(b)(1) fall into two different categories: "facial attacks" and "factual attacks." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The nature of the challenge determines the nature of this court's analysis of the motion. *Kerns v. United States*, 585 F.3d 187, 192-93 (4th Cir. 2009). When the defendant asserts a facial attack, the defendant contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id.* at 192. When subjected to a facial challenge, the plaintiff is afforded the same procedural protection he would receive under Federal Rule of Civil Procedure 12(b)(6). The facts as stated in the complaint are taken as true, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

In factual attack challenges, on the other hand, a defendant disputes "the veracity of the facts underpinning subject matter jurisdiction." *Id.* at 193. The court may go beyond the complaint and resolve disputed jurisdictional facts, unless the jurisdictional facts are intertwined with the facts central to the merits of the dispute. *Id.*; *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

Accordingly, to the extent the merits are intertwined with facts supporting a finding of ripeness, the court must assume the jurisdictional facts supporting such a conclusion under Rule 12(b)(1).  *Kerns*, 585 F.3d at 195.

Once the court's subject matter jurisdiction is challenged, the burden of establishing its existence always rests upon the party asserting jurisdiction.  *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action.  *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995).  At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true; and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor.  *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

This plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly,* 550 U.S. at 557).  As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citation omitted).  With these principles in mind, the court now turns to the motion to dismiss.

**ANALYSIS**

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[3]  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Green v. Maroules*, 211 F. App'x 159, 161 (4th Cir. 2006).  Defendant Stevens asserts both

---

[3] 42 U.S.C. § 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

a facial challenge and a factual challenge to Plaintiff's purported Section 1983 claim. He first argues that Plaintiff has failed to allege facts in his complaint that show that Stevens acted under color of state law.[4] Defendant Stevens argues that by failing to allege any facts to support the "acting under color of state law" element of a Section 1983 claim, Plaintiff has failed to establish any basis for this court to exercise jurisdiction. I agree. Even taking the facts as alleged in the complaint to be true, *see Adams*, 697 F.2d at 1219, there is no allegation that Defendant Stevens was acting under color of state law. Indeed, the complaint identifies Defendant Stevens as Operations Manager and Supervisor of LPS. Nowhere in the complaint is it suggested that Defendant Stevens was an officer of the state or clothed with the authority of the state. In one of his responses, Plaintiff attempts to "verify his intent" to show that Defendant Stevens was acting "under color of law." (Pl. Resp. to Reply Br., docket no. 44.) Nevertheless, his attempt fails in its generalities. He merely restates, in generic terms, the language from Section 1983, and provides other general examples without citation.[5] Plaintiff's allegation that Defendants Stevens and Studivent arrested him "to show [him] that they are the man (The Law) and they have authority to do what they want to do and use the law of this great state, North

---

[4] For the purposes of this analysis, the court assumes that Plaintiff has alleged a violation of a federal right.

[5] For instance, Plaintiff states that "'[c]olor of law' simply means that the person doing the act is using power given to him or her by a governmental agency . . ." and that "'[c]olor of law' may include public officials who are not law enforcement officers, for example, judges and prosecutors, as well as . . . non-governmental employees who are asserting state authority, such as private security guards . . . ." (Pl. Resp. at 3-4.)

7

Carolina, to intimidate me with" (Compl. at 2) (sic) is likewise insufficient to show that this court should exercise jurisdiction. As such, Plaintiff has failed to allege an element of 42 U.S.C. § 1983 necessary for subject matter jurisdiction.

Defendant Stevens also asserts a factual attack on Plaintiff's complaint under Rule 12(b)(1) and has moved to dismiss for failure to state a claim under Rule 12(b)(6). It is unnecessary for the court to address these contentions, however, in light of Plaintiff's failure to allege jurisdictional facts establishing subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant Stevens' motion to dismiss (docket no. 34) be **GRANTED** and Defendant Stevens be dismissed from the action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, North Carolina
October 20, 2010