IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JAMES ARNELL WILLIAMS,              )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )        1:09CV414
MICHAEL ERIC STUDIVENT,              )
TOMMY STEVENS, DEBORAH               )
LANKFORD, SAMUEL LANKFORD,           )
and LANKFORD PROTECTIVE              )
SERVICES,                            )
                                     )
        Defendants.                  )

**ORDER**

On October 20, 2010, in accordance with 28 U.S.C. § 636(b), the Recommendation of the United States Magistrate Judge was filed, and notice was served on the parties in this action. (Docs. 51, 52.) Within the time limitation set forth in the statute, Plaintiff objected to the Recommendation. (Doc. 53.)

The court has reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination. The court's review is in accord with the Recommendation, which is hereby adopted.

IT IS THEREFORE ORDERED that the motion to dismiss by

Defendant Tommy Stevens ("Stevens") (Doc. 34) is GRANTED, and that Defendant Stevens is dismissed from the action.[1]

                                                /s/ Thomas D. Schroeder
                                                United States District Judge

March 4, 2011

---

[1] Plaintiff has not sought leave to amend, nor does he cite any legal authority to justify it in this case. The record indicates, and Plaintiff does not contest, that Defendant Stevens, who was acting in a private capacity, would have derived his authority to make an arrest from the North Carolina Company Police Act, N.C. Gen. Stat. ch. 74E. Stevens had jurisdiction to make an arrest only on properties where his employer had a company police service contract with the property owner. N.C. Gen. Stat. § 74E 6(c) & (g) (limiting arrest powers, in relevant part, to company police officers acting on "[r]eal property owned by or in the possession and control of a person who has contracted with the employer to provide on site company police security personnel services for the property"). Stevens has provided evidence by affidavit that on the date in question his employer contracted for armed "security guards" only at the property in question and not company police services (Doc. 36 ¶¶ 4 6), and Plaintiff agrees with this factual statement and the legal conclusion that Stevens as a result was not then authorized to make an arrest (Doc. 40 ¶¶ 4 6). Cf. N.C. Gen. Stat. § 74C 3 (defining activities of security guards). All this is consistent with Plaintiff's allegation in his complaint that Stevens "had no authority to make an arrest" under North Carolina law. (Doc. 1 ¶ III.3.)

    Further, the court notes that its August 9, 2010, Order dismissing other co defendants is mistakenly identified in the Recommendation as having been entered November 16, 2009.