```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


JAMES ARNELL WILLIAMS,          )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:09CV414
                                )
MICHAEL ERIC STUDIVENT,         )
TOMMY STEVENS, DEBORAH          )
LANKFORD, SAMUEL LANKFORD,      )
and LANKFORD PROTECTIVE         )
SERVICES,                       )
                                )
          Defendants.           )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge on (1) Plaintiff's Motion to Compel Defendant Michael Eric Studivent, to Comply and Answer Plaintiff's First Set of Interrogatories, Produce Documents for Inspection, and Copying (Docket Entry 66); (2) Plaintiff's Motion to Compel Defendants Samuel Lankford and Lankford Protective Service [sic], to Comply and Answer Plaintiff's First Set of Interrogatories, Produce, Documents for Inspection, and Copying (Docket Entry 68); (3) Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (Docket Entry 70); (4) Plaintiff's Request for Entry of Default (Docket Entry 75); and (5) Defendant Michael Studivent's 2nd and 3rd Motions for Continuance of Discovery Phase (Docket Entries 65, 86). The undersigned also examines, sua sponte, the existence of subject-matter jurisdiction. For the

reasons that follow, the instant matter should be dismissed for lack of subject-matter jurisdiction, and the pending Motions should be denied as moot.

Background

Plaintiff, proceeding *pro se*, filed a Complaint with this Court alleging violations of 42 U.S.C. § 1983 against Lankford Protective Services ("LPS"), LPS Officers Michael Studivent ("Studivent") and Tommy Stevens ("Stevens"), LPS President Deborah Lankford ("Ms. Lankford"), and LPS Vice-President Samuel Lankford ("Mr. Lankford"). (See Docket Entry 1.) According to the Complaint, Plaintiff, then a security officer at Kay Chemical in Greensboro, North Carolina, came into contact with Defendants Studivent and Stevens at his job-site and they "instigated and became frivolous and malicious to escalate a situation [sic] with [Plaintiff]." (Id. ¶¶ 1, 2.) The Complaint also asserts that Defendants Studivent and Stevens arrested Plaintiff for "personal gain and personal gratification" and "to show [Plaintiff] that they are the man (The Law) . . . to intimidate [Plaintiff] with [sic]." (Id.)

In this regard, the Complaint specifically asserts that Defendants Studivent and Stevens "had no authority" to arrest Plaintiff and that they "became personally involved in arresting [Plaintiff]." (Id. ¶¶ 3, 5.) Plaintiff complains that Defendant Studivent physically assaulted Plaintiff by "ramming [Plaintiff's]

-2-

back and the back of [Plaintiff's] neck into the rear door jam of the patrol vehicle," by "jamming and poking a finger into the front of [Plaintiff's] neck," and by putting handcuffs on Plaintiff too tightly.  (Id. ¶¶ 5, 6, 7, 9.)  The Complaint further alleges that Defendants Studivent and Stevens failed to tell Plaintiff he was being suspended or arrested, or provide a basis for his arrest. (Id. ¶ 4.)  Nonetheless, the Complaint asserts that Plaintiff was subsequently booked and charged with: (1) one count of assault on a government official; (2) one count of resisting a public officer; and (3) one count of making a threatening phone call.  (Id. ¶ 10.) According to Plaintiff, at a hearing in Guilford County District Court on October 3, 2006, Plaintiff pleaded not guilty to the charges against him and the court found him "not guilty."  (Id. ¶ 11.)

### Procedural Background

After filing his Complaint, Plaintiff served process on Defendants Williams, LPS, Ms. Lankford and Mr. Lankford.  (See Docket Entries 5, 9, 10.)  Shortly thereafter, Defendants LPS, Ms. Lankford and Mr. Lankford (collectively, the "Lankford Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) contending that Plaintiff failed to state a claim upon which relief can be granted, in which they argued, *inter alia*, that despite invoking 42 U.S.C. § 1983, Plaintiff failed to plead any facts

showing that any of the Defendants acted under color of state law. (See Docket Entry 14 at 7-8.)

United States Magistrate Judge Wallace W. Dixon issued a Recommendation (subsequently adopted in full by United States District Judge Thomas D. Schroeder (see Docket Entry 46)) agreeing with the Lankford Defendants. (See Docket Entry 25 at 5 ("The complaint contains no allegation that LPS or the Lankfords acted at all, let alone that they acted 'under color of state law.'").) In addition, Magistrate Judge Dixon observed:

> The moving Defendants also contend that the complaint fails to state a Section 1983 action against Defendants Studivent and Stevens because the complaint contains no allegation that these two defendants, as private security guards, were acting "under color of state law" when they arrested Plaintiff. This argument certainly appears to have merit, but the court cannot rule on it at this point since Studivent and Stevens have not joined in the pending motion to dismiss. Furthermore, it is unclear whether Stevens has even been served.

(Id. at 6 n.6.)

Plaintiff subsequently served Defendant Stevens, who, through counsel, filed Defendant Stevens' Motion to Dismiss Pursuant to Rules 12(b)(1) and (6). (Docket Entry 34.) Defendant Stevens contended that the court lacked subject-matter jurisdiction for a claim under 42 U.S.C. § 1983 because Plaintiff had not alleged, on the face of his Complaint, that Defendant Stevens acted under color of state law. (See Docket Entry 35 at 7 ("Here the Plaintiff fails to allege in his Complaint sufficient facts to establish that the Defendant Stevens (or the Defendant Studivent for that matter)

acted under color of State law.").) Defendant Stevens also presented a "factual" argument against Plaintiff's Complaint, asserting that although a private officer may be granted certain jurisdictional authority under Chapter 74E of the North Carolina General Statutes, because LPS did not have a contract with the property in question, "neither the Defendant Stevens nor Studivent had authority . . . under [North Carolina law] to effect an arrest of the Plaintiff . . . ." (Docket Entry 35 at 9-10.)

Magistrate Judge Dixon thereafter issued a Recommendation agreeing with Defendant Stevens. (See Docket Entry 51.) Magistrate Judge Dixon accepted Defendant Stevens' facial attack on Plaintiff's Complaint and noted: "Even taking the facts as alleged in the [C]omplaint to be true, *see Adams [v. Bain]*, 697 F.2d [1213,] 1219 [(4th Cir. 1982)], there is no allegation that Defendant Stevens was acting under color of state law. Indeed, the [C]omplaint identifies Defendant Stevens as Operations Manager and Supervisor of LPS. Nowhere in the [C]omplaint is it suggested that Defendant Stevens was an officer of the state or clothed with the authority of the state." (Docket Entry 51 at 7.) Given this conclusion, Magistrate Judge Dixon recommended the dismissal of Defendant Stevens and did not address Defendant Stevens' "factual" attack on Plaintiff's Complaint. (See Docket Entry 51 at 8.)

Judge Schroeder again adopted the Recommendation of Magistrate Judge Dixon. (Docket Entry 57.) In doing so, Judge Schroeder

included a footnote addressing Defendant Stevens' "factual" attack on Plaintiff's Complaint:

> Plaintiff has not sought leave to amend, nor does he cite any legal authority to justify it in this case. The record indicates, and Plaintiff does not contest, that Defendant Stevens, who was acting in a private capacity, would have derived his authority to make an arrest from the North Carolina Company Police Act, N.C. Gen. Stat. ch. 74E. Stevens had jurisdiction to make an arrest only on properties where his employer had a company police service contract with the property owner. N.C. Gen. Stat. § 74E 6(c) & (g) (limiting arrest powers, in relevant part, to company police officers acting on "[r]eal property owned by or in the possession and control of a person who has contracted with the employer to provide on site company police security personnel services for the property"). Stevens has provided evidence by affidavit that on the date in question his employer contracted for armed "security guards" only at the property in question and not company police services (Doc. 36 ¶¶ 4 6), and Plaintiff agrees with this factual statement and the legal conclusion that Stevens as a result was not then authorized to make an arrest (Doc. 40 ¶¶ 4 6). <u>Cf.</u> N.C. Gen. Stat. § 74C 3 (defining activities of security guards). All this is consistent with Plaintiff's allegation in his complaint that Stevens "had no authority to make an arrest" under North Carolina law. (Doc. 1 ¶ III.3.)

(Docket Entry 57 at 2 n.1.)

The result of the Court granting the two previous motions to dismiss is that Defendant Studivent, who is defending himself *pro se* and neither has filed a motion to dismiss nor has joined in any of the previous motions, remains as the only Defendant to the action. Moreover, Plaintiff, in attempting to continue the prosecution of his claims *pro se*, has filed motions to compel not only against Defendant Studivent, but also against the previously dismissed Lankford Defendants and Defendant Stevens, as well as

-6-

against Brownyard Claims Management, Inc., and Arch Insurance Company, who Plaintiff asserts "are the insurers of [the Lankford Defendants], Tommy Stevens and Michael Studivent" (Docket Entry 70 at 1). (See Docket Entries 66, 68, 70.) The record does not reflect that any of the foregoing non-parties were properly subpoenaed under Fed. R. Civ. P. 45. (See Docket Entries dated June 10, 2009, to present.) Plaintiff has also filed a Request for Entry of Default, moving the Court to enter a default judgment against Defendant Studivent, the Lankford Defendants, Brownyard Claims Management, Inc., and Arch Insurance Company "on the basis that the record in this case demonstrates that there has been a failure to plead or defend as provided by Rule 55(a) and have also failed to disclose and provide discovery as provided by Rule 26 of the Federal Rules of Civil Procedure." (Docket Entry 75 at 1.) Again, said Motion was made despite the fact that only Defendant Studivent remains a party to the action. Finally, Defendant Studivent has filed two Motions for Continuance of Discovery Phase. (Docket Entries 65, 86.)

The above Motions have been referred to the undersigned United States Magistrate Judge for disposition. (See Docket Entry dated March 8, 2012.) In reviewing the record of this case, however, the undersigned deems it appropriate for the Court to independently evaluate the existence of subject-matter jurisdiction before deciding the instant Motions. See Andrus v. Charlestone Stone

-7-

Prods. Co., Inc., 436 U.S. 604, 608 n.6 (1978) ("Although the question of the District Court's subject-matter jurisdiction was not raised in this Court or apparently in either court below, we have an obligation to consider the question *sua sponte*."); Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008) ("[T]he lack of subject matter jurisdiction may be noticed by the district court *sua sponte* . . . ."). Accordingly, the undersigned will address that issue first.

## Discussion

United States District Courts exercise two primary types of subject-matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Evn't, 523 U.S. 83, 103-04 (1998).

In the instant action, Plaintiff's claims rest on federal question jurisdiction.[1] Specifically, Plaintiff asserts a sole claim against Defendant Studivent under 42 U.S.C. § 1983. To

---

[1] Plaintiff has not alleged jurisdiction based on diversity of citizenship or any specialized jurisdictional ground. (See Docket Entry 1.) Accordingly, the undersigned will only address the existence of federal question jurisdiction.

succeed on a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (internal quotation marks and citation omitted). "If a defendant does not act under color of state law, a federal court has no power to entertain a § 1983 complaint against him." Polk Cnty. v. Dodson, 454 U.S. 312, 336 (1981).

In light of the foregoing authority, Plaintiff's Complaint falls short as a matter of law. First, even taking the facts alleged in the Complaint as true, see Adams, 697 F.2d at 1219, Plaintiff's Complaint fails to include any allegation that Defendant Studivent acted under color of state law. Magistrate Judge Dixon's findings with respect to Defendant Stevens apply equally as well to Defendant Studivent: "Nowhere in the [C]omplaint is it suggested that Defendant [Studivent] was an officer of the state or clothed with the authority of the state. . . . Plaintiff's allegation that Defendants Stevens and Studivent arrested him 'to show [Plaintiff] that they are the man (The Law) and they have authority to do what they want to do and use the law

of this great state, North Carolina, to intimidate [Plaintiff] with' [(Docket Entry 1 at 2)] (sic) is likewise insufficient to show that this [C]ourt should exercise jurisdiction." (Docket Entry 51 at 7-8.)

Furthermore, as Defendant Stevens argued through his Motion to Dismiss (see Docket Entry 35 at 8-11) and Judge Schroeder indicated in adopting Magistrate Judge Dixon's Recommendation of the dismissal of Defendant Stevens (see Docket Entry 57 at 2 n.2), under N.C. Gen. Stat. § 74E-6(c) & (g), Defendants Studivent and Stevens, acting in a private capacity, would only have authority to make an arrest on properties where LPS had a company police service contract with the property owner. As Judge Schroeder noted:

> Stevens has provided evidence by affidavit that on the date in question his employer contract for armed "security guards" only at the property in question and not company police services (Doc. 36 ¶¶ 4, 6), and Plaintiff agrees with this factual statement and the legal conclusion that Stevens as a result was not then authorized to make an arrest (Doc. 40 ¶¶ 4, 6). Cf. N.C. Gen. Stat. § 74C 3 (defining activities of security guards). All this is consistent with Plaintiff's allegation in his complaint that Stevens [and Studivent] "had no authority to make an arrest." (Doc. 1 ¶ [II].3.)

(Docket Entry 57 at 2 n.2.) Accordingly, as there is no allegation or other indication that Defendant Studivent acted under color of state law, the instant action should be dismissed for lack of subject-matter jurisdiction.

## Conclusion

Plaintiff's Complaint fails to allege that Defendant Studivent, the sole remaining Defendant in this action, acted under color of state law.  Furthermore, the undisputed record before the Court indicates that Defendant Studivent lacked authority to make an arrest under North Carolina law during the incident in question. Accordingly, because Plaintiff has failed to allege a cognizable claim under 42 U.S.C. § 1983, the instant action should be dismissed for lack of subject-matter jurisdiction and the pending Motions should be denied as moot.

**IT IS THEREFORE RECOMMENDED** that the instant action be dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that (1) Plaintiff's Motion to Compel Defendant Michael Eric Studivent, to Comply and Answer Plaintiff's First Set of Interrogatories, Produce Documents for Inspection, and Copying (Docket Entry 66); (2) Plaintiff's Motion to Compel Defendants Samuel Lankford and Lankford Protective Service, to Comply and Answer Plaintiff's First Set of Interrogatories, Produce, Documents for Inspection, and Copying (Docket Entry 68); (3) Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories (Docket Entry 70); (4) Plaintiff's Request for Entry of Default (Docket Entry 75); and (5)

Defendant Michael Studivent's 2nd and 3rd Motions for Continuance of Discovery Phase (Docket Entries 65, 86) be denied as moot.

                              /s/ L. Patrick Auld
                            **L. Patrick Auld**
                       **United States Magistrate Judge**


Date:  April 12, 2012